THIS OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING
 EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
 
 South Carolina Department
 of Health and Environmental Control, Respondent,
 
 
 
 
 

v.

 
 
 
 Bush Oil Co.,
 Inc., Jake Roper, d/b/a Roper 66, and Helen Roper, d/b/a Roper 66, Defendants
 
 
 Of Whom Jake
 Roper, d/b/a Roper 66, and Helen Roper, d/b/a Roper 66, are the, Appellants.
 
 
 
 
 

Appeal From the Administrative Law Court
Carolyn C. Matthews, Administrative Law Judge

Unpublished Opinion No. 2011-UP-154
Submitted April 1, 2011  Filed April 12, 2011

AFFIRMED

 
 
 
 R. Scott Dover, of Pickens, for Appellants.
 Stephen Philip Hightower, of Columbia, for Respondent.
 
 
 

PER CURIAM: Helen Roper
 (Wife) and R. Scott Dover, on behalf of Jake Roper (Husband) (collectively the
 Ropers), appeal the administrative law court's (ALC) finding that they were operators of the underground
 storage tanks (tanks) removed from the Roper 66 gas station.  On appeal, the
 Ropers argue this finding is not supported by substantial evidence in the
 record.  We affirm.[1]
We find the ALC's finding that
 the Ropers were operators of the tanks is supported by substantial evidence in
 the record.  See Original Blue Ribbon Taxi Corp. v. S.C. Dep't of
 Motor Vehicles, 380 S.C. 600,
 604, 670 S.E.2d 674, 676 (Ct. App. 2008) ("The decision of the [ALC]
 should not be overturned unless it is unsupported by substantial evidence or
 controlled by some error of law.").  Although the Ropers did not have legal
 control over the tanks, evidence was
 presented showing the Ropers had responsibility for the daily operation of the tanks.  See S.C. Code Ann. § 44-2-20(10) (2002) (defining an operator as "any person in control of, or having responsibility for
 the daily operation of [a tank]").  Here, Timothy Glen Roper (Son) testified that Roper 66
 operated as a convenience store and gas station from 1973 until 1998.  Wife and
 Son explained the gas pumps were located outside of the front of the store, and
 the customers paid for the gasoline at Roper 66.  He admitted Husband was
 responsible for notifying Bush Oil if the gas pumps had problems.  Additionally,
 DHEC provided several documents from Wife in which Wife indicated she was the
 owner and/or operator of the tanks.  Furthermore, even though the lease
 agreements stated that Bush Oil maintained legal control of the equipment, the
 agreements designated responsibility to Husband to maintain the equipment.  Accordingly,
 the record contains substantial evidence to support the ALC's finding.  
AFFIRMED.
HUFF, SHORT, and PIEPER,
 JJ., concur.

[1] We decide this case without oral argument pursuant to
 Rule 215, SCACR.